**James Darnell WINSTON, Plaintiff,**

v.

**Sheriff Terry CAMPBELL, and Deputies Lisa Keller, Dawn Weston, Larry Wesley Morris, Joseph Rogers, Kurt Reichard, Jeffrey Adams, Bartley Robert Schwegler, Jr., Leavenworth County, Kansas, Defendants.**

No. 92–3005–DES.

United States District Court,
D. Kansas.

Nov. 3, 1994.

James Darnell Winston, Sr., pro se.

David C. VanParys, County Counselor, Leavenworth, KS, for defendants.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the Secretary of the Kansas Department of Corrections, filed this action while incarcerated in the Leavenworth County Jail, Leavenworth, Kansas, alleging the conditions of confinement there violated his constitutional rights. He seeks damages of $300,000, plus $1,000 for each day he was in the Leavenworth County Jail, plus an investigation of the Leavenworth County Jail. Plaintiff is now incarcerated at the Lansing Correctional Facility, Lansing, Kansas.

Defendants have filed an answer and *Martinez* report, as directed by the court. Having examined the record, the court makes the following findings and order.

■ 1. Plaintiff complains that he was subjected to constitutional deprivation by virtue of a rule and regulation which forbids the taking of blankets into the dayrooms of the cell tanks of the Leavenworth County Jail. Plaintiff states that the day areas were unreasonably and cruelly cold, rendering the regulation unconstitutional. The Leavenworth County jail is adequately heated throughout the winter months and adequately ventilated and cooled during the summer months. Temperatures of various areas of the Leavenworth County Jail are checked several times throughout the day through the observation of mercury thermometers. Said thermometers are often rendered unworkable by virtue of tampering by inmates, but when this occurs those thermometers are promptly replaced. *See* Exhibit A to the *Martinez* report, a copy of temperature logs taken in the Leavenworth County Jail showing the normal and routine practice with regards to providing a reasonable, and as far as practical, a comfortable level of heating in the Leavenworth County Jail. This claim has no merit and the court so finds.

■ 2. Plaintiff complains that he was subjected to constitutional deprivation by virtue of having his legal mail opened outside of his presence. On two separate occasions, plaintiff's legal mail was inadvertently opened, but not read. *See* Exhibit B1 and B2 of the *Martinez* report in the record, affidavits of Deputy Dawn Weston and Lt. John Duncanson with regards to the issue of plaintiff's legal mail. It is the normal practice of the Leavenworth County Jail to promptly deliver legal mail, unopened, to inmates. This claim has no merit.

■ 3. Plaintiff next complains of the lack of timely mail service, alleging that mail is often delivered to inmates after 5 p.m. Defendants cannot deny that on certain occasions mail may not be delivered to the cell tanks until 5 p.m., the delivery time being dependent upon the time that the mail is delivered to the Leavenworth County jail by the United States Postal Service and the workload of staff during the dinner hours. Mail is promptly delivered to inmates upon receipt and it is not the practice of defendants to deny the prompt delivery of mail service to inmates in the Leavenworth County Jail. *See* Exhibit C of the *Martinez* report in the record, the affidavit of Deputy Lisa Keller. This claim is without merit.

■ 4. Plaintiff complains that he was being subjected to a constitutional deprivation by virtue of lack of a 24–hour on-call team of medical providers at the Leavenworth County Jail. The Leavenworth County Jail employs a physician who conducts routine examinations, on-call examinations and emergency calls to the Leavenworth County Jail. Further, the Leavenworth County Jail was serviced by the Leavenworth County Emergency Medical Service which provides ambulance transportation and emergency care upon call. Plaintiff made numerous requests for medical attention, all of which were appropriately answered. *See* Exhibit D of the *Martinez* report in the record, medical and psychological reports of

plaintiff. The court finds that claim four has no merit. *See Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

5. Plaintiff complains of a lack of sanitation in the Leavenworth County Jail. Plaintiff's allegations are of a general nature without specificity as to time or specific defect. It is the practice of the staff of the Leavenworth County Jail to keep the Leavenworth County Jail in as clean and sanitary condition as is possible, given the age of the facility and the actions taken by inmates in the Leavenworth County Jail. Inmates are not required to wash the walls of the day areas of the Leavenworth County Jail, but are prohibited from drawing graffiti or other pictures upon said walls. A copy of the most recent jail report is attached to the *Martinez* report in the record as Exhibit E. There is no merit in claim five.

■ 6. Plaintiff complains of the lack of access to legal materials while incarcerated in the Leavenworth County Jail. Legal materials, including Kansas Statutes Annotated, and other materials are provided upon request by inmates representing themselves. Plaintiff was represented by appointed counsel during his period of incarceration and was, at no time, deprived of access to legal materials. *See Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Plaintiff does lodge a specific allegation against Deputy Lisa Keller, stating that she denied him access to envelopes for the purpose of sending legal mail. *See* Exhibit C of the *Martinez* report in the record, affidavit of Lisa Keller. It is not the practice of staff members of the Leavenworth County Jail to carry envelopes or other legal materials on them during normal routine inspection rounds nor are supplies given to inmates simply upon verbal request. Claim six likewise has no merit.

7. Plaintiff makes several general allegations of abuse and harassment against the staff of the Leavenworth County Jail. Based on all of the material supplied to the court in this file, including Exhibits D and F of the *Martinez* report, the court finds that this claim is totally without merit.

**IT IS THEREFORE ORDERED** that this action is hereby dismissed and all relief denied.

The clerk of the court is directed to transmit copies of this Memorandum and Order to plaintiff and to counsel for defendant.